IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN A. KOLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ARS NATIONAL SERVICES, INC. ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 11 U.S.C. § 362.

2. This action arises out of Defendant ARS National Services, Inc. (ARS) numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt and violation or the automatic stay 11 U.S.C. § 362.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, is a debtor in a Chapter 7 bankruptcy filed in this district (3:21-bk-30815), and ARS transacts business here; 28 U.S.C. § 1391(b) & 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Brian A. Kolar (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" under Chapter 7 of Title 11 of the United State Code in Bankruptcy Case No. 3:21-bk-30815.

5. ARS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and may be served through its agent for service of process as follows: Corporation Service Company, 2908 Poston Ave, Nashville TN 37203-1312.

## FACTUAL ALLEGATIONS

6. Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on May 6, 2021. The Defendant was listed on Schedule D, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

7. Notice of the Chapter 7 Bankruptcy Case (Notice) was emailed to the defendant by the Bankruptcy Noticing Center (BNC) on May 10, 2021 to an email address Defendant had provided to the BNC for notices. See Notice of the Chapter 7 Bankruptcy Case & BNC Certificate of Service attached hereto as Exhibit 2 & 3 respectively, and incorporated herein by reference.

8. The Notice states that "The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees…."

9. Upon information and belief, ARS received all notices mailed by the Bankruptcy Noticing Center.

10. Despite the notice of the bankruptcy filing, ARS is still actively seeking a pre-petition, debt from the debtor.

11. ARS has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt allegedly originally owed to Chase for credit card purchases.

12. After alleged default, the debt was transferred to ARS for collection from Plaintiff.

13. ARS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

15. ARS does not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

16. Any procedures maintained (i.e., actually employed or implemented) by ARS to avoid errors under the FDCPA failed to avoid using false, deceptive, misleading, or unfair communications when communicating with consumers in connection with the collection of debts.

17. Upon information and belief, ARS received all notices mailed by the Bankruptcy Noticing Center.

*May 18, 2021 Text Messages and Communications*

18. On or about May 18, 2021, ARS sent a collection text to Plaintiff's sister in connection with collection of the debt and in an attempt to collect the debt as follows:



19. After being informed of the message Plaintiff contacted Defendant and was informed that: (1) ARS had his cell phone number, (2) had the bankruptcy case number, filing date, and attorney information.

20. Later that day ARS sent a collection text to Plaintiff's step-mother in connection with collection of the debt and in an attempt to collect the debt as follows:





21. Approximately an hour later that same day, ARS sent a collection text to Plaintiff's cellular telephone in connection with collection of the debt and in an attempt to collect the debt as follows:



22. Plaintiff has never promised to pay ARS any payment, in any amount, whatsoever.

## *VIOLATIONS ALLEGED*

23. 15 U.S.C. §1692c(a) provides: Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

24. 15 U.S.C. §1692c(b) provides: Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

25. ARS has never received or been given permission from the Plaintiff or his attorney to communicate with him directly or to contact third parties in connection with the collection of the debt.

26. Despite having actual knowledge of representation ARS engaged in communication with the Plaintiff and third parties as set forth supra in violation of U.S.C. §§1692c(a)(2) and 1692f.

27. Defendant communicated with a third party in connection with the collection of a debt, without Plaintiff's prior consent being given directly to Defendant, without the express permission of a court of competent jurisdiction, and not as reasonably necessary to effectuate a post judgment judicial remedy, in violation of 15 U.S.C. § 1692c(b) and 1692f.

28. The text messages by Defendant to Plaintiff's family member(s) was intentional or negligent conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt, in violation of 15 U.S.C. § 1692d.

29. 15 U.S.C. §1692e provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

30. 15 U.S.C. §1692f provides: A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt . . . .

31. ARS engaged in false, deceptive, misleading, and unfair acts and practices, in violation of 15 U.S.C. §§ 1692c(a)(2), 1692c(b), 1692d, 1692e, 1692e(10), and 1692f, by attempting to collect from Plaintiff by contacting him and/or third parties after filing a Chapter 7 bankruptcy petition and being notified he was represented by an attorney..

32. As a result of the Defendant's actions, the Plaintiff has suffered anxiety and emotional distress, the fear of being garnished, of having his credit further harmed, and has endured the loss of time and expense associated rectifying this matter.

*Summary*

33. The above-detailed conduct by ARS in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the Automatic Stay and FDCPA including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7; Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONA OF THE AUTOMATIC STAY**

35. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

36. Pursuant to 11 U.S.C. § 362(a), a filed petition operates as a stay as to the debtor and property of the estate.

37. The Defendant's actions set forth hereinabove constitute willful repeated violations of the automatic stay.

38. As a result of the Defendant's actions, the Defendant is liable to the Plaintiff for actual and punitive damages, attorney's fees, and costs.

## COUNTS II-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692c(a)(2), 1692c(b), 1692d, 1692e, 1692e(10), and 1692f

39. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

40. The foregoing acts and omissions of ARS constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

41. As a result of ARS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from ARS.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against ARS as follows:

### COUNT I

- That the Plaintiff have and recover against the defendant a sum to be determined by the Court in the form of actual damages;

- That the Plaintiff have and recover against the defendant a sum to be determined by the Court in the form of punitive damages.

- That the Plaintiff have and recover against the defendant all reasonable legal fees and expenses incurred by their attorneys;

- That the Plaintiff have such other and further relief as the Court may deem just and proper.

## COUNT II-VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692c(a)(2), 1692c(b), 1692d, 1692e, 1692e(10), and 1692f

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against ARS and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against ARS, and for Plaintiff; and
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against ARS and for Plaintiff.

6/9/21                           Respectfully submitted,

**BRIAN A. KOLAR**

s/      Brent S. Snyder
Brent S. Snyder BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
brentsnyder77@gmail.com

s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com